**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LA ENTERPRISES HOLDING LLC,<br>Plaintiff,<br>v.<br>HONEY BERRY LLC,<br>GEORGE MELASSANOS<br>Defendants. | Case No.<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT**

Plaintiff LA ENTERPRISES HOLDING LLC ("LA ENTERPRISES" or "Plaintiff") submits this Complaint against Defendants HONEY BERRY LLC ("HB LLC") and GEORGE MELASSANOS ("MELASSANOS"), collectively ("Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and for related causes of action under Illinois statutory and common law.

2. This action arises from HB LLC's infringement of LA ENTERPRISES' valuable trademark.

3. LA ENTERPRISES acquires, holds, manages, and exploits intellectual property assets, including trademarks, copyrights, and proprietary business systems, and leverages those assets through franchising, licensing, and affiliated operating ventures.

4. LA ENTERPRISES controls core brand assets and deploys them across multiple commercial channels, including franchise development, operational rollouts, strategic partnerships, and market expansion initiatives.

5. LA ENTERPRISES owns and protects various underlying intangible assets of franchise systems, while authorizing operators, affiliates, and partners to use those assets for commercial activities.

6. One asset LA ENTERPRISES owns is U.S. Federal Trademark Registration No. 5771736 for the mark HONEY BERRY PANCAKES AND CAKE (& design) ("HONEY BERRY Mark") (Exhibit 1).

7. The HONEY BERRY Mark is used to identify the source of restaurant and café services. These services have been offered under the HONEY BERRY Mark as early as April 15, 2019.

8. Currently, there are 13 restaurants and cafes operating in 3 states – Illinois, Wisconsin, Texas – operating under the HONEY BERRY Mark. Information about these services can be found at Plaintiff's website https://www.honeyberrycafe.com/ (see Exhibit 2).

9. In Illinois there are 8 restaurants including in this district, i.e., Aurora, Bolingbrook, Chicago, Hoffman Estates, Lansing, Lombard, North Aurora, Rolling Meadows.

10. Plaintiffs became aware of HB LLC's Honey Berry Café operating in New Jersey through Plaintiff's customer that inquired whether Plaintiff was related or associated with the Honey Berry Café in New Jersey.

11. The Honey Berry Café is located at 1321 3rd Ave, Spring Lake, New Jersey 07762 - further information can be found at https://www.honeyberrynj.com/ (Exhibit 3).

12. The services offered under Honey Berry Café are identical to those offered under Plaintiff's HONEY BERRY Mark.

13. Both marks include the dominant portion HONEY BERRY and even appear in a similar style:

***Plaintiff's HONEY BERRY Mark*** ***HB LLC's Honey Berry stylization***

14. Given the relatedness, if not identicalness, of the parties' services, and the visual and phonetic identicality of the respective marks, HB LLC's use of Honey Berry Café is likely to cause confusion as to whether HB LLC's cafe services are somehow connected to, sponsored, or approved by Plaintiff.

15. Plaintiff promptly contacted HB LLC through its registered agent George Melassanos ("MELASSANOS"). Plaintiff's letter was received via FedEx and signed for by MELASSANOS on July 14, 2026.

16. In addition to serving as HB LLC's registered agent, MELASSANOS is a Manager of HONEY BERRY LLC.

17. On information and belief, MELASSANOS participated in the design and selection of Honey Berry Café, including approved the branding, directed employees, and controlled marketing decisions. MELASSANOS has authority to control the infringement and has failed to stop it.

18. Plaintiff advised HB LLC of Plaintiff's trademark rights and its concern that HB LLC's use of a nearly identical mark for café services offered by HB LLC is likely to cause confusion among consumers, and in fact, has caused actual confusion. Plaintiff requested that HB LLC stop using Honey Berry Café and transition to a new mark or license rights from Plaintiff.

19. On July 20, 2026, HB LLC responded to Plaintiff's letter through counsel. Plaintiff then replied but has heard nothing from HB LLC. On August 31, 2026, Plaintiff reached out to HB LLC and requested an opportunity to resolve this matter without litigation. HB LLC never responded. As a result, Plaintiff was forced to bring this action to enforce its federal trademark rights.

20. HB LLC has been and continues to infringe Plaintiff's mark, and be engaged in acts that are injurious and deceptive to the public and which will cause Plaintiff irreparable harm if allowed to continue.

21. Plaintiff brings this action to stop HB LLC's unauthorized and infringing use of Honey Berry Café that is confusingly similar to the HONEY BERRY Mark, and seeks permanent injunctive relief and an award of profits, actual damages, and other relief.

## THE PARTIES

22. Plaintiff LA ENTERPRISES HOLDING LLC is a limited liability company organized under the laws of the state of Delaware with a business address at 501 Silverside Road, Suite 87, Wilmington, Delaware 19809 USA. In Illinois, Plaintiff controls 8 restaurants and cafés operating under the HONEY BERRY Mark.

23. Defendant HONEY BERRY LLC is a New Jersey limited liability company with a principal business address at 1321 3rd Ave, Spring Lake, New Jersey 07762. The registered agent listed is George MELASSANOS at 1960 Hazelwood Road, Thoms River, New Jersey 08753.

24. Defendant George MELASSANOS is a new Jersey resident with an address of 1960 Hazelwood Road, Thoms River, New Jersey 08753. MELASSANOS is the listed Manager of HONEY BERRY LLC that operates Honey Berry Café in New Jersey.

**JURISDICTION AND VENUE**

25. This Court has subject matter jurisdiction over the federal question claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. This complaint also alleges violations of Illinois law. This Court has jurisdiction over these state law claims pursuant to its supplemental jurisdiction, 28 U.S.C. § 1367(a), in that the claims are so related to the above federal claims that they form part of the same case or controversy.

26. This Court has personal jurisdiction over HB LLC and MELASSANOS in that the acts complained of herein were purposefully directed to create harm to Plaintiff in this state and in this district (as well as to members of the public in this district), and because, HB LLC has used the infringing Honey Berry Café for business activities including advertising and sales of its services through the Internet. Restaurants function in a national and digital marketplace such that consumers routinely encounter brands online, through travel platforms, social media, and review sites. Moreover, the activities complained of, including the unauthorized use and display of Honey Berry Café in violation of Plaintiff's trademark rights, has caused and is continuing to

cause consumer confusion as well as damage to Plaintiff's restaurants at least in this state and this district.

27. Venue is proper in this district under 28 U.S.C. § 1391 (b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. HB LLC has knowingly committed tortious acts aimed at Plaintiff and is causing harm in this state and this district. Moreover, the damage to Plaintiff and the HONEY BERRY Mark has occurred and continues to occur in this judicial district.

## COUNT I - FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

28. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

29. Plaintiff owns and has rights to use its federally registered HONEY BERRY Mark in connection with "restaurant and café" and other services.

30. As a result of Plaintiff's longstanding, widespread, and continuous use of the HONEY BERRY Mark in interstate commerce, its marks enjoy considerable goodwill that has become associated with Plaintiff.

31. Plaintiff's rights in its HONEY BERRY Mark predates HB LLCs first use.

32. Honey Berry Café as used by HB LLC is nearly identical to the HONEY BERRY Mark in sight, sound, meaning, and commercial impression.

33. Moreover, HB LLC uses Honey Berry Café in connection with services that are identical to the services offered by Plaintiff under the HONEY BERRY Mark.

34. HB LLC's use of Honey Berry Café is likely to cause confusion as to the source, sponsorship, or approval of HB LLC's café, and in fact, has caused actual confusion. Consumers have been and will continue to be led to believe that HB LLC's café is connected with Plaintiff.

35. HB LLC chose to use Honey Berry Café with knowledge of Plaintiff's prior use of and rights in the HONEY BERRY Mark.

36. HB LLC's use of the confusingly similar Honey Berry Café mark deprives Plaintiff of the ability to control consumer perception of the quality of the goods and services marketed under the HONEY BERRY Mark, its house marks, and, instead, places Plaintiff's valuable reputation and goodwill into the hands of HB LLC, over whom Plaintiff has no control.

37. The aforementioned acts of HB LLC constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

38. The intentional nature of HB LLC's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

39. Plaintiff has been, is now, and will be irreparably harmed by HB LLC's aforementioned acts of infringement, and, unless enjoined by the Court, HB LLC will continue to infringe upon the HONEY BERRY Mark. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT II - UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

40. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

41. HB LLC's use of Honey Berry Café mark falsely suggests that its café is connected with, sponsored by, affiliated with, related to, and/or approved by Plaintiff and its goods & services marketed under the HONEY BERRY Mark.

42. On information and belief, HB LLC has acted with knowledge of Plaintiff's HONEY BERRY Mark. Even a cursory search of the USPTO database would have revealed the registration.

43. HB LLC's unauthorized use of a confusingly similar mark constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Plaintiff has been, is now, and will continue to be irreparably harmed by HB LLC's aforementioned acts of unfair competition of false designation of ownership, and, unless enjoined by the Court, HB LLC will continue to infringe Plaintiff's rights. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT III – CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES (815 ILCS 505, ET SEQ.)**

45. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

46. By the acts alleged herein, HB LLC has engaged in unfair or deceptive acts or practices, and thereby has created a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of the goods it is offering for sale; created a likelihood of confusion or misunderstanding as to whether HB LLC is affiliated, connected or associated with Plaintiff; and otherwise has engaged in conduct creating a likelihood of confusion and/or misunderstanding as to the affiliation with, connection with or certification by another.

47. HB LLC willfully engaged in deceptive trade practices.

48. Plaintiff will continue to suffer future harm unless the forementioned acts and/or other activities of HB LLC are enjoined by this Court.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**
**(765 ILL. COMP. STAT. 1036, ET SEQ.)**

49. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

50. Because of Plaintiff's significant promotion and advertising efforts under the HONEY BERRY Mark, it has become uniquely associated with Plaintiff and identifies Plaintiff as the source of the Plaintiff products and/or services. The HONEY BERRY Mark is a valid trademark under the common law.

51. By the acts alleged herein, HB LLC is using, without the consent of Plaintiff, a copy, or colorable imitation of the HONEY BERRY Mark in connection with the sale, distribution, offering for sale, or advertising of services that is likely to cause confusion or mistake or to deceive as to the source of origin of such services.

52. HB LLC willfully engaged in trademark infringement.

53. Plaintiff will continue to suffer future harm unless the forementioned acts and/or other activities of HB LLC are enjoined by this Court.

**COUNT V – DECEPTIVE TRADE PRACTICES**
**(815 ILCS 510, ET SEQ.)**

54. Plaintiff realleges and incorporates herein by reference the preceding paragraphs as if fully restated herein.

55. HB LLC has misappropriated valuable property rights of Plaintiff, is trading on the goodwill of Plaintiff as symbolized by Plaintiff's distinctive HONEY BERRY Mark and has and is thereby likely to further confuse and deceive members of the purchasing public.

56. HB LLC obtains a benefit of, and trades upon, the widespread recognition and goodwill of Plaintiff; Plaintiff has no control over the business of HB LLC and its impact on Plaintiff's goodwill; and such use is likely to cause confusion, mistake or deception, and results in unfair competition and unjust enrichment of HB LLC.

57. Plaintiff has been, is now, and will be irreparably harmed by HB LLC's actions complained of herein, and unless enjoined by this Court, Plaintiff will suffer further harm, constituting an injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff respectfully prays for relief as follows:

A. Entry of an order and judgment requiring that HB LLC and all other entities in active concert or participation with it, be preliminarily and permanently enjoined and restrained from (a) using in any manner the HONEY BERRY Mark, or any colorable imitation, as a trade name, trademark, service mark, or domain name, including removal of Honey Berry Café from all goods and services, websites, domain names, and social media content; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of Plaintiff's products and services, with respect to the

source of the products and services offered for sale, distributed, or sold by HB LLC, or with regard to there being a connection between HB LLC and Plaintiff;

B. A judgment ordering HB LLC, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which HB LLC has complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods and services under Honey Berry Café;

C. A judgment, pursuant to 15 U.S.C. § 1117, requiring that HB LLC account for and pay to Plaintiff damages arising from HB LLC's violation of the Lanham Act;

D. A judgment, pursuant to 15 U.S.C. § 1117, requiring that HB LLC account for and disgorge to Plaintiff all of the profits realized by HB LLC or others in active concert or participation with HB LLC, relating to the use of the HONEY BERRY Mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

E. A judgment, pursuant to 15 U.S.C. § 1117, allowing Plaintiff to recover its costs and attorneys' fees incurred in connection with this action because of the exceptional nature of this case, resulting from the HB LLC's deliberate and willful infringement;

F. A judgment, pursuant to 15 U.S.C. § 1117, allowing Plaintiff to recover treble damages and an enhanced award based on HB LLC's knowing and intentional use of a trademark that is confusingly similar to the HONEY BERRY Mark;

G. Based on HB LLC's willful, deliberate, and egregious conduct, and to deter such conduct in the future, Plaintiff be awarded punitive damages;

H. A judgment requiring that HB LLC pay pre- and post-judgment interest; and

I. A judgment granting Plaintiff any relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues as to which trial by jury is allowed.

September 22, 2026

/s/ Allison M. Corder
Allison M. Corder, ARDC 6276467

REDROC IP LLC
570 Frontage Road, Suite #201
Northfield, Illinois 60093
(847) 508-2554
allison@redrocip.com

Attorney for Plaintiff
LA ENTERPRISES HOLDING LLC